UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KRISTIN J., | |
| Plaintiff, | Case No. 24-cv-12814 |
| v. | Magistrate Judge Elizabeth A. Stafford |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**OPINION AND ORDER
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT
(ECF NOS. 8, 10)**

### I.    Introduction

Plaintiff Kristin J. appeals the final decision of defendant Commissioner of Social Security (Commissioner) to deny her application for disability insurance benefits (DIB) under the Social Security Act.  Both parties consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c) and moved for summary judgment.  ECF No. 4; ECF No. 8; ECF No. 10.

After a hearing below, an administrative law judge (ALJ) found:

1. Plaintiff had the severe impairments of "generalized anxiety disorder and vertiginous syndromes and other disorders of the vestibular system."  ECF No. 5-1, PageID.37.

2. Plaintiff had no impairments that met or medically equaled a listed impairment.  *Id*., PageID.38-19.

3. Plaintiff had the residual functional capacity (RFC) "to perform a full range of work at all exertional levels," while avoiding "concentrated exposure to hazards such as unprotected heights, uneven planes, and hazardous equipment."  *Id*., PageID.39-40.  She could also understand, remember, and carry out simple, routine, repetitive tasks. *Id*.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence[1] and conformed with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations.  And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high.  Substantial evidence, this Court has said, is more than a mere scintilla.  It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up).  The substantial-evidence standard does not permit the Court to independently

---

[1] Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

weigh the evidence.  *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

Under these standards, the Court affirms the Commissioner's decision.

## II.    Analysis

Plaintiff first argues that the RFC assessed by the ALJ did not reflect the severity of her impairments, "particularly her cognitive and concentration deficits."  ECF No. 8, PageID.1731-1735.  She claims that the ALJ failed to "review all limitations founded in substantial evidence" and she "challenges the accuracy of the ALJ's review of the record."  *Id.*, PageID.1733.  In support of her argument, plaintiff cites hundreds of pages of medical records that she claims support her argument that the assessed

RFC was insufficient.  *Id.*, PageID.1733-1734, (citing ECF No. 5-1, PageID.700-762, 930-1322, 1347-1356, 1696-1705).

In citing hundreds of records that plaintiff alleges support a more restrictive RFC, she invites the Court to reweigh the evidence.  As noted, this Court cannot independently weigh the evidence even if the evidence she cites may support a different conclusion.  *Hatmaker*, 965 F. Supp. 2d at 930.  Rather, "under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations."  *Biestek*, 587 U.S. at 102-03.

And plaintiff bears the burden of showing that, under the existing record, she needs a more restrictive RFC.  *Jordan v. Comm'r of Soc. Sec.,* 548 F.3d 417, 423 (6th Cir. 2008).  The Court has no duty to scour the record on her behalf.  "Judges are not like pigs, hunting for truffles that might be buried in the record."  *Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 780 n.1 (6th Cir. 2019) (cleaned up); *see also Justice v. Comm'r of Soc. Sec.*, No. 21-CV-10503, 2022 WL 16709719, at *7 (E.D. Mich. July 11, 2022), *adopted*, 2022 WL 12419673 (E.D. Mich. Oct. 21, 2022) ("Justice cites no evidence in the record explaining the

impact these conditions have on her functioning—and the Court has no duty to search for evidence to support her claims.").

Plaintiff's claim that she needed a more restrictive RFC fails also because she "does not specify any additional work-related functional limitations the ALJ should have, but did not, include in the RFC assessment resulting from" her alleged impairments.  *Huizar v. Comm'r of Soc. Sec.*, 610 F. Supp. 3d 1010, 1016 (E.D. Mich. 2022) (cleaned up).

Plaintiff next claims the ALJ erred in his evaluation of her subjective symptoms.  ECF No. 8, PageID.1735-1736.  The regulations set forth a two-step process for evaluating a plaintiff's subjective symptoms.  First, the ALJ evaluates whether objective medical evidence of an underlying condition exists and whether that condition could reasonably be expected to produce the alleged symptoms. 20 C.F.R. § 404.1529(a); Social Security Ruling (SSR) 16-3p.  If so, the ALJ assesses any work-related limitations by determining the intensity, persistence, and limiting effects of these symptoms. 20 C.F.R. § 404.1529(a); SSR 16-3p.  In sum, ALJs assess whether the symptoms claimed are "consistent with the objective medical and other evidence in the individual's record."  SSR 16-3p.

To evaluate the limiting effects of subjective symptoms, ALJs consider all available evidence, including the plaintiff's history, laboratory

findings, statements by the plaintiff, and medical opinions. 20 C.F.R.
§ 404.1529(a). Although a plaintiff's description of his symptoms will "not
alone establish that [he] is disabled," *id*., the ALJ may not disregard the
plaintiff's subjective complaints because they lack substantiating objective
evidence, SSR 16-3p. Along with objective evidence, ALJs must consider
a plaintiff's daily activities; the location, duration, frequency, and intensity of
pain; precipitating and aggravating factors; the type, dosage, and side
effects of medication to alleviate symptoms; and any other treatment or
measures used to relieve pain. 20 C.F.R. § 404.1529(c)(3).

The ALJ accurately summarized plaintiff's subjective reports that she
had vertigo attacks, difficulty maintaining balance, frequent headaches,
poor focus, and brain fog. ECF No. 5-1, PageID.40. But he concluded that
the alleged "intensity, persistence and limiting effects of these symptoms
are not entirely consistent with the medical evidence and other evidence in
the record." *Id*., PageID.41. The ALJ explained that plaintiff's reported
symptoms "did not appear to seriously affect her ability to function,"
explaining:

> For example, it was repeatedly noted that the claimant had
> intact functional status during every mental status examination
> since treatment began (18F/73). The other findings were also
> unremarkable during all of the mental status examinations – the
> claimant had appropriate appearance and dress, unremarkable
> motor activity, euthymic mood with appropriate/congruent

6

affect, excellent insight and judgment, intact memory, good attention/concentration, appropriate thought content, and unremarkable thought process and perception (18F/1, 73, 75, 78, 81, 84, 87, 90, 93, 96, 98, 101, 106, 114, 122, 130, 138, 149, 160, 171, 182, 193, 204, 215, 227, 239, 251, 263, 275, 287, 299, 311, 323, 338, 353, 367, 381). It is also pointed out that reports from other providers noted intact memory and appropriate mood, affect, insight and judgment (23F/6, 9). Lastly, it is noted that the most recent mental status examinations through May 25, 2023, also contain normal findings only, including intact memory, good attention/concentration, and appropriate interview behavior (22F/284).

Although the claimant continues to see a therapist, the subsequent reports contain no material changes (22F). Nevertheless, it is pointed out that like the prior reports, the mental status examinations in the more recent reports were also unremarkable (22F/4, 18, 32, 46, 60, 74, 88, 102, 116, 130, 144, 158, 172, 186, 200, 214, 228, 242, 256, 270, 284). Therefore, it is clear from the treatment records that the claimant's mental health did not prevent her from working on a sustained basis.

*Id.,* PageID.41.

The ALJ also noted that plaintiff "exercises regularly," participates in

yoga and meditation, and "runs on treadmill and works out with weights."

*Id*., PageID.40.  He explained that plaintiff is "independent with activities of

daily living and household functions such as cooking and dishes."  *Id*.  And

the ALJ cited evidence that plaintiff "has a driver's license," "drives herself

to appointments," and travels, having traveled "to visit her husband who is

deployed" in Texas, attending a family reunion, and traveling "to England to

7

attend a relative's funeral after successfully applying for a passport." *Id*., PageID.40-41.  Substantial evidence supports his reasoning.

Citing dozens of pages of medical records, plaintiff argues that the "ALJ selectively relied on isolated instances of improvement while disregarding the overall pattern of impairment."  ECF No. 8, PageID.1735-1736 (citing ECF No. 5-1, PageID.479-515m 684-702, 763-780).  The Court again rejects as impermissible plaintiff's invitation to scour those records and reweigh the evidence.

Plaintiff's final claim is that the ALJ erred in finding that she did not meet the criteria of "Listing 2.07 (Disturbance of Labyrinthine-Vestibular Function)."  ECF No. 8, PageID.1736-1737.  She bears the burden of showing that her impairments met or equaled a listing, and that any error on the part of the ALJ was not harmless.  *Roby v. Comm'r of Soc. Sec.*, 48 F. App'x 532, 536 (6th Cir. 2002).  "An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment."  *Id*. at 536.  Unless all the requirements for a listing are met, the claimant does not satisfy the listing.  *Id*. (citing *Hale v. Sec'y of Health & Human Servs*., 816 F.2d 1078, 1083 (6th Cir. 1987)).

To meet Listing 2.07, the claimant must have:

Disturbance of labyrinthine-vestibular function (including Meniere's disease), characterized by a history of attacks of

8

balance disturbance, tinnitus, and *progressive loss of hearing*.
With both A and B:

 A. Disturbed function of vestibular labyrinth demonstrated by
    caloric or other vestibular tests; and

 B. *Hearing loss established by audiometry*.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 2.07 (emphasis added).

The ALJ concluded that Listing 2.07 "is not satisfied because there

has not been progressive hearing loss.  In fact, an audiogram in January

2022 was normal for hearing in both ears (14F.15)."  ECF No. 5-1,

PageID.38.  Plaintiff cites no evidence of progressive hearing loss

established by audiometry.  Rather, she directs the Court to a single page

of the administrative record that she characterizes as showing "fluctuating

hearing loss."  ECF No. 8, PageID.1737.  While that test showed a

difference between plaintiff's right and left ears, her hearing in both ears

was in the normal range.  ECF No. 5-1, PageID.893.

Thus, plaintiff has not met her burden of showing that she meets the

criteria for Listing 2.07, and review of the evidence shows that the ALJ's

finding is supported by substantial evidence.  *Roby*, 48 F. App'x at 536.

### III.   Conclusion

The Court thus **DENIES** plaintiff's motion for summary judgment

(ECF No. 8), **GRANTS** the Commissioner's motion for summary judgment

9

(ECF No. 10), and **AFFIRMS** the ALJ's decision under sentence four of 42

U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 15, 2026

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 15, 2026.

s/Davon Allen
DAVON ALLEN
Case Manager